Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between the defendant-employer and the plaintiff-employee at all relevant times herein.
3. Indiana Lumbermens Mutual Insurance Company provided workers' compensation coverage for the defendant-employer at all relevant times herein.
4. The date of the original injury was May 29, 1992, when plaintiff sustained an admitted injury to his left knee within the scope and course of his employment with defendant-employer.
5. The parties entered into a Form 21 Agreement on or about June 8, 1993. Under the terms of said agreement, plaintiff's average weekly wage was $450.00 per week, yielding a compensation rate of $300.00 per week. Said agreement was approved by the Industrial Commission on August 19, 1993.
6. The issue to be determined is whether plaintiff has sustained a change of condition or a new injury. And if so, what, if any, additional benefits is he entitled to receive?
*******************
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
FINDINGS OF FACT
1. At the time of hearing, plaintiff was forty-eight years old. He had a high school education and had completed two years of college education.
2. As a result of plaintiff's admitted injury of May 29, 1992 he received workers' compensation benefits in the form of temporary total benefits from June 2, 1993 until June 28, 1993. Plaintiff received temporary partial benefits from June 29, 1993 until November 9, 1993 when he was released to return to work full time.
3. On or about November 17, 1993, the parties entered into a Form 26 Agreement wherein defendants agreed to pay plaintiff for a 10% permanent partial disability rating he had received to his left knee.
4. Following his injury of May 29, 1992, plaintiff was treated by Dr. Robert A Wainer. Dr. Wainer diagnosed plaintiff's original condition as a torn medial meniscus in the left knee. Dr. Wainer performed surgery on plaintiff's left knee on or about June 2, 1993 to correct the tear.
5. Dr. Wainer released plaintiff to return to work on a half-day basis on June 28, 1993. Plaintiff was released by Dr. Wainer to return to full duty on or about November 9, 1993 at which point plaintiff had reached maximum medical improvement.
6. Plaintiff indicated to Dr. Wainer on November 9, 1993 that his knee would swell intermittently, but he was not in much pain. Plaintiff came to see Dr. Wainer on December 9, 1993 concerning his left great toe. Dr. Wainer found that plaintiff's knee was doing fairly well in December 1993.
7. Plaintiff next saw Dr. Wainer on March 11, 1994. Plaintiff indicated at this time that his knee was doing fairly well, but he continued to have some mild intermittent pain while standing. He also indicated that his knee had given out on him on one occasion while he was on a ladder holding a microwave. He had to drop the microwave to keep from falling.
8. Plaintiff returned to see Dr. Wainer on April 14, 1994 at which point he indicated he had reinjured his left knee two weeks prior when he fell and had medial pain. Plaintiff told Dr. Wainer that he fell while he was getting an air conditioner out of an overhead bin on his job with Wal-Mart and had twisted his knee while coming down the steps.
9. In Dr. Wainer's opinion, the April 14, 1994 incident constituted a new injury and did not relate back to plaintiff's original injury of May 29, 1992.
10. On July 6, 1994, plaintiff was seen by Dr. Vincent E. Paul. Plaintiff told Dr. Paul that his knee had given out on him while he was at work at Wal-Mart, that no new injury had taken place on his job with Wal-Mart and that his problems were related to his original injury. Plaintiff did not tell Dr. Paul that he had fallen and twisted his knee during the first of April 1994.
11. Dr. Paul indicated in a letter dated July 18, 1994, addressed to plaintiff's attorney that he could not say exactly what was causing plaintiff's knee problems.
12. Plaintiff fell while working at Wal-Mart the first of April 1994, when he was attempting to get an air conditioner from an overhead bin. Plaintiff twisted his knee during the course of this fall. Plaintiff failed to report this accident to Wal-Mart. No claim for a new injury due to a fall during the first of April 1994 is properly before the Full Commission.
*******************
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of the evidence that he suffered a change of condition relating to his original injury of May 29, 1992. N.C. Gen. Stat. § 97-47.
2. Plaintiff has failed to prove by the greater weight of the evidence that any condition from which he now suffers is a direct and natural consequence of his injury of May 29, 1992.
3. Plaintiff has failed to prove by the greater weight of the evidence that he is entitled to recover any further workers' compensation benefits in this matter.
*******************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Plaintiff's claim for benefits under the Workers' Compensation Act must, under the law, be and the same is hereby DENIED.
2. Each side shall pay its own costs.
 S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ______________________ THOMAS J. BOLCH COMMISSIONER
S/ ______________________ DIANNE C. SELLERS COMMISSIONER